Stephanie D. Curtis
 Texas State Bar No. 05286800
Mark A. Castillo
 Texas State Bar No. 24027795
Jeff Carruth
 Texas State Bar No. 24001846
**THE CURTIS LAW FIRM, PC**
901 Main Street, Suite 6515
Dallas, Texas 75202
Telephone: 214.752.2222
Facsimile: 214.752.0709

PROPOSED LEAD COUNSEL FOR THE DEBTOR
AND DEBTOR-IN-POSSESSION

## IN THE UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | | |
|---|---|---|
| **IN RE** | § | |
| | § | **Case No. 08-32760-SGJ-11** |
| **TS PRINTING COMPANY, INC., et al.** | § | **Chapter 11** |
| | § | (Joint Administration Request Pending) |
| **Debtors.** | § | |
| | § | ***EMERGENCY HEARING REQUESTED***[1] |
| | § | |

## EMERGENCY MOTION FOR AUTHORITY TO SELL PROPERTY OF THE ESTATE (MISCELLANEOUS PRINTING EQUIPMENT) FREE AND CLEAR OF ALL LIENS, CLAIMS, AND ENCUMBRANCES

TS Printing Company, Inc. ("TSP" or the "Debtor") files this *Emergency Motion for Authority to Sell Property of the Estate (Miscellaneous Printing Equipment) Free and Clear of All Liens, Claims, and Encumbrances* (the "Motion"), and in support thereof shows the following.

## I. STATEMENT OF JURISDICTION

1. The Court has jurisdiction over the subject matter of this proceeding pursuant to

28 U.S.C. §§ 1334 and 157. This Motion concerns the administration of the estate, in particular

---

[1] The Debtor has contemporaneously filed and served with this Motion a *Motion for Emergency Hearing* requesting that the Court hear this Motion at its earliest convenience, and requesting that the Court set a deadline to object to the Motion prior to the hearing.

the sale of property of the estate, and is therefore a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(N) and (O).

2.      Venue is proper in this Court under 28 U.S.C. § 1408.

## II.  FACTUAL BACKGROUND

3.      On June 3, 2008, the Debtor commenced this Bankruptcy Case by filing its voluntary petition for relief under Chapter 11 of Title 11 of the United States Code, 11 U.S.C. § 101, et seq. (the "Bankruptcy Code").

4.      The Debtor continues to operate its businesses as debtor-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

5.      On June 25, 2008, the U.S. Trustee filed in the this case a motion for joint administration of this case and Case No. 08-32866-HDH-11, *In re Munoz Printing Co., Inc.*, and a motion for expedited hearing to consider joint administration.  The Court presiding over this case has set a hearing on July 7, 2008 at 1:30 p.m. to consider joint administration.

6.      The Debtor possesses several items of excess printing equipment that are referenced and described below (the "Printing Equipment").

Lot A (the "Lot A Equipment")

Diddy Press
Thompson Die Cutter
Okiyama Press
Heidelberg ST 90 Stitcher


Lot B (the "Lot B Equipment")

Web Press Miehle 35"(perfecting units and roll stands included)
45" Stahl Polar Cutter

7.      The Debtor has marketed the Printing Equipment to various peers in the printing and reproduction industry over the last several weeks and months.  Through this process, the Debtor has identified two purchasers who are willing and able to pay cash immediately for the Printing Equipment.

### III.   PROPOSED TRANSACTIONS

8.      The Debtor has received two offers for the Printing Equipment as described below.

### A.   Proposed sale of the Lot A Equipment to Gráficos Al, S.A. de C.V.

9.      On or about May 23, 2008, the Debtor received an offer from Gráficos Al, S.A. de C.V. ("Gráficos") for the acquisition of the Lot A Equipment.

10.     A true, correct, and complete copy of the proposed *Asset Purchase Agreement and Bill of Sale* (the "Lot A APA") for use in the proposed sale to Gráficos is attached hereto as **Exhibit A** and incorporated by reference herein.

11.     The Debtor, and its officers and directors, have no affiliation with Gráficos.

12.     The terms and conditions of the proposed sale are more fully set forth in the Lot A APA, Exhibit A.  The consideration to be paid by Gráficos to the Debtor is in the amount of Fifty Nine Thousand Dollars ($59,000.00) (the "Lot A Purchase Price") plus all costs associated with moving the Lot A Equipment following the sale.  The closing of the sale shall occur within two (2) days following the entry by the Court of an order approving the sale.

13.     The parties may clarify and/or amend the Lot A APA before the conclusion of the period for responses to this Motion[2] and before the entry of an order on the Motion; however,

---

[2] *See* Footnote 1, supra.

Exhibit A substantially reflects the operative terms and conditions for the sale of the Lot A Equipment.

14.     At closing, the following transactions shall occur to consummate the proposed sale.

(a)     Gráficos shall cause the Debtor to receive the Lot A Purchase Price in cash or certified funds or by providing sufficient proof of a successful wire transfer of the Purchase Price to a bank account designated by the Debtor.

(b)     The Debtor shall execute and deliver to Gráficos the Lot A APA for the Lot A Equipment.

15.     The Lot A Equipment is currently encumbered by an alleged pre-petition blanket security interest in favor of People's Capital and Leasing Corp. ("PCLC") and by the potential statutory landlord's and/or warehouse liens in favor of Keyland Investment, L.P., the landlord with respect to the Debtor's primary operating facility (the "Landlord").

16.     The Debtor discloses that it received pre-petition an installment payment of the Lot A Purchase Price in the amount of $15,000, and post-petition has received two additional installment payments of the Lot A Purchase Price in the amounts of $20,000 and $14,000 respectively.  Gráficos has taken possession of the Diddy Press item which is among the Lot A Equipment, and the remainder of the Lot A Equipment shall be conveyed to Gráficos and the sale shall close upon approval of this Motion.

**B.   Proposed sale of the Lot B Equipment to International Bible Association.**

17.     On or about July 1, 2008, the Debtor received an offer from the International Bible Association ("IBA") for the acquisition of the Lot B Equipment.

18.     A true, correct, and complete copy of the proposed *Asset Purchase Agreement and Bill of Sale* (the "Lot B APA") for use in the proposed sale to IBA is attached hereto as **Exhibit B** and incorporated by reference herein.

19.     The Debtor, and its officers and directors, have no affiliation with IBA.

20.     The terms and conditions of the proposed sale are more fully set forth in the Lot B APA, Exhibit B.  The consideration to be paid by IBA to the Debtor is in the amount of Sixty Thousand Dollars ($60,000.00) (the "Lot B Purchase Price") plus all costs associated with moving the Lot B Equipment following the sale.  The closing of the sale shall occur within two (2) days following the entry by the Court of an order approving the sale.

21.     The parties may clarify and/or amend the Lot B APA before the conclusion of the period for responses to this Motion[3] and before the entry of an order on the Motion; however, Exhibit B substantially reflects the operative terms and conditions for the sale of the Lot B Equipment.

22.     At closing, the following transactions shall occur to consummate the proposed sale.

(a)     IBA shall cause the Debtor to receive the Lot B Purchase Price in cash or certified funds or by providing sufficient proof of a successful wire transfer of the Purchase Price to a bank account designated by the Debtor.

(b)     The Debtor shall execute and deliver to IBA the Lot B APA for the Lot B Equipment.

---

[3] *See* Footnote 1, supra.

23.     The Lot B Equipment is currently encumbered by an alleged pre-petition blanket security interest in favor of PLLC and by the potential statutory landlord's and/or warehouse liens in favor of the Landlord.

## IV.   RELIEF REQUESTED

24.     The Debtor requests entry of an order pursuant to 11 U.S.C. § 363, in the form attached as **Exhibit C**, authorizing and directing the Debtor to sell, transfer, convey, deliver, and assign the Lot A Equipment to Gráficos and the Lot B Equipment to IBA, or the designee of each and in accordance with the closing described above, free and clear of all liens, claims, and encumbrances as permitted under 11U.S.C. § 363(b) and (f).

25.     The Debtor further requests that in the event the Motion is granted, that the Debtor be permitted to proceed to closing as soon as practical after entry of a Ccourt order approving the transaction, and that the ten-day stay of Bankruptcy Rule 6004(g) be dissolved.

## V.   BASIS OF RELIEF

26.     The Debtor believes that the consideration to be received for the Printing Equipment constitutes a reasonable and fair consideration for such property.  However, the Debtor discloses the following qualifications and limitations concerning this proposed transaction.  The respective offers of Gráficos and IBA appear to be the most credible and/or practical offers for the Printing Equipment that the Debtor has received as of the date of this Motion.  The Debtor has not retained any professionals to market the Printing Equipment, but the Debtor believes that each Purchase Price is a reasonable price for the Printing Equipment based upon current market conditions for such equipment.

27.     Although the Debtor's sale of the Debtor's interest in the Printing Equipment shall be free and clear of all known liens, claims, and encumbrances, the Debtor will make no other

warranties, implied or express, concerning the Printing Equipment, its merchantability, or its fitness for any purpose. The Printing Equipment shall be delivered "as is, where is" and "with all faults."

28.     The Debtor believes that the proposed sale of the Printing Equipment to Gráficos and IBA for the stated respective consideration constitutes an exercise of sound business judgment on the part of the Debtor.[4]

29.     This Motion does not constitute a request for relief under Section 365 of the Code with respect to any unexpired leases or executory contracts, and the bankruptcy estate under the administration of the Debtor will not be responsible for any cure costs.

30.     The Debtor may withdraw this Motion, with or without cause, at any time prior to the conclusion of the Court hearing on this Motion, without further obligation to Gráficos, IBA, or any other party. Furthermore, the Debtor may amend this Motion for any changes to the sale documents requested by Gráficos and IBA to which the Debtor does not object (subject still to Court approval of the transaction).

31.     After Court approval, if either of Gráficos or IBA fails to close by 2:00 p.m., Central Daylight Time (Dallas time), on the seventh (7th) day following the entry by the Court of an order approving the sale, the Debtor may elect to rescind the proposed transaction without further obligation to Gráficos, IBA, or any other party, and/or, alternatively, the Debtor may elect to conclude the transaction with any party producing the next best offer.

32.     The Debtor also requests that the ten-day stay of Bankruptcy Rule 6004(g) be dissolved.

---

[4] *See The Institutional Creditors of Continental Air Lines, Inc. v. Continental Air Lines, Inc. (In re Continental Air Lines, Inc.)*, 780 F.2d 1223, 1226 (5th Cir. 1986); *see also Mims v. Kennedy Capital Management (In re Performance Nutrition, Inc.)*, 239 B.R. 93, 111-12 (Bankr. N.D. Tex. 1999).

## VI.   REQUEST FOR EMERGENCY HEARING

33.     The Debtor requests emergency consideration of this Motion so that the Debtor may concluded the transactions described herein and receive and make use of the proceeds of the sales.  The Debtor requires immediate access to the proceeds of the sales to maintain ordinary operations and provide sufficient liquidity so that the Debtor may, for example, satisfy payroll obligations for the July, 2008 payroll periods, purchase the inputs necessary to complete customer orders, satisfy other operating expenses incurred in the ordinary course, and address administrative expenses in this case.

## VII.   CONCLUSION AND PRAYER

WHEREFORE, TS Printing Company, Inc. requests an order authorizing the sale of the above-described Printing Equipment free and clear of liens, claims, and encumbrances as provided herein, and for such other and further relief as the Debtor may be entitled at law or in equity.

Dated: July 3, 2008                               Respectfully submitted,

/s/ Jeff Carruth
_____
Stephanie D. Curtis
Texas State Bar No. 05286800
Mark A. Castillo
Texas State Bar No. 24027795
Jeff Carruth
Texas State Bar No. 24001846

**THE CURTIS LAW FIRM, PC**
901 Main Street, Suite 6515
Dallas, Texas  75202
Telephone: 214.752.2222
Facsimile:  214.752.0709

PROPOSED LEAD COUNSEL FOR THE
DEBTOR AND DEBTOR-IN-POSSESSION

## <u>CERTIFICATE OF SERVICE</u>

This is to certify that, on July 3, 2008, a true and correct copy of the foregoing document has been served by (*i*) ECF notification upon (a) the United States Trustee and (b) parties requesting notice in the above-captioned case(s); (*ii*) first class mail, postage prepaid, upon the Debtor's twenty largest unsecured creditors and the potential holders of liens or other interests in the above-described Printing Equipment; and (*iii*) facsimile or other electronic transmission upon the Debtor's twenty largest unsecured creditors and the potential holders of liens or other interests in the above-described Printing Equipment, where available.

/s/ Jeff Carruth
Jeff Carruth

## ASSET PURCHASE AGREEMENT AND BILL OF SALE

This ASSET PURCHASE AGREEMENT AND BILL OF SALE, is made, executed and delivered as of July _____, 2008 by TS Printing Compnay, Inc., a Texas corporation, acting as Debtor and Debtor-in-Possession of the bankruptcy estate of TS Printing Compnay, Inc. (the "Debtor" or "Seller") to GRÁFICOS AL, S.A. DE C.V., a sociedad anonima under the State of _____, United States of Mexico (the "Purchaser").

### WITNESSETH:

WHEREAS, the Seller is the Debtor and Debtor-in-Possession in Case No. 08-32760-SGJ-11, *In re TS Printing Company, Inc.*, in the United States Bankruptcy Court for the Northern District of Texas, Dallas Division (the "Bankruptcy Case").

WHEREAS, the Seller filed on July 3, 2008 in the Bankruptcy Case its *Motion for Authority to Sell Property of the Estate (Miscellaneous Printing Equipment) Free and Clear of All Liens, Claims, and Encumbrances*, (the "Motion") and the Bankruptcy Court presiding over the Bankruptcy Case entered an order approving the Motion (the "Order") on or about July 7, 2008.

WHEREAS, the Seller is, simultaneously with the execution and delivery hereof, executing and delivering to the Purchaser this and other instruments to sell, transfer, convey, deliver, and assign to the Purchaser the Purchased Assets listed and described in Schedule 1 of this Agreement, which assets comprise a part of the bankruptcy estate of the Seller.

NOW, THEREFORE, in consideration of the premises and for good and valuable consideration paid to the Seller according to the terms of the Order approving the Motion, the Seller by this Bill of Sale does hereby sell, transfer, convey, deliver, and assign to the Purchaser, its successors and assigns, all of the Seller's right, title, and interest in and to all of the Purchased Assets which are owned or held by the Seller and are not otherwise expressly conveyed to the Purchaser pursuant to any other instrument of conveyance.

TO HAVE AND TO HOLD all of the foregoing Purchased Assets unto Purchaser, its successors and assigns, FOREVER, free and clear of all liens, claims, and encumbrances (including, without limitation, any right Seller may have to institute and prosecute any and all proceedings at law, in equity, or otherwise, which the Purchaser, its successors or assigns, may deem proper for the collection and enforcement of any claim or right of any kind (including any right to protect trade secrets or rights in intellectual property) hereby sold, transferred, conveyed, delivered, and assigned, or intended so to be).

Section 1.   Subject to Section 5, below, nothing in this instrument, express or implied, is intended or shall be construed to confer upon, or give to, any person other than the Purchaser and its successors and assigns, any remedy or claim under, or by reason of, this instrument or any terms, covenants, or condition hereof, and all the terms, covenants and conditions, promises and agreements contained in this instrument shall be for the sole and exclusive benefit of the Purchaser and its successors and assigns.

<u>Section 2.</u>  Pursuant to the terms of the Order, the Seller is not selling to Purchaser all assets of TS Printing Compnay, Inc. as a business, but is only selling the Purchased Assets.  Seller has not requested that Purchaser assume any liabilities of Debtor, and Purchaser does not hereby assume any liabilities of Debtor, except that the Purchaser shall immediately be responsible for all arrangements and payments necessary to move the Purchased Assets following the sale.

<u>Section 3.</u>  Seller warrants that it has not executed and delivered a bill of sale or other conveyance document conveying the Purchased Assets except as provided herein.  Subject to Section 5, Seller agrees to take such additional action, including execution of appropriate conveyances, as may be reasonably necessary to convey the Purchased Assets to the Purchaser as contemplated by this Bill of Sale.

<u>Section 4.</u>  Pursuant to the Order and in consideration of the foregoing conveyance, Purchaser will pay FIFTY-NINE THOUSAND AND NO/100 DOLLARS ($59,000.00), in cash or by certified check or wire transfer payable to the order of "TS Printing Compnay, Inc., Inc., Debtor-in-Possession" upon execution of this Bill of Sale; and, Purchaser shall bear all costs going forward, including but not limited to all cost associated with the storage and transportation of the Purchased Assets.

<u>Section 5.</u>  **THE PURCHASED ASSETS ARE BEING CONVEYED TO PURCHASER HEREUNDER "<u>AS IS/WHERE IS</u>," WITH ALL FAULTS.  EXCEPT AS EXPRESSLY PROVIDED HEREIN, PURCHASER ACKNOWLEDGES THAT SELLER HAS NOT MADE AND DOES NOT MAKE ANY REPRESENTATION OR WARRANTY REGARDING THE PURCHASED ASSETS.  SELLER DISCLAIMS ANY EXPRESS OR IMPLIED WARRANTY WITH RESPECT TO THE PURCHASED ASSETS, INCLUDING, WITHOUT LIMITATION, WITH RESPECT TO THE MERCHANTABILITY OF THE PURCHASED ASSETS OR THEIR FITNESS FOR ANY PARTICULAR PURPOSES, THE DESIGN OR CONDITION OF THE PURCHASED ASSETS, THE QUALITY OR CAPACITY OF THE PURCHASED ASSETS, WORKMANSHIP OR COMPLIANCE BY THE PURCHASED ASSETS WITH THE REQUIREMENTS OF ANY LAW, RULE, SPECIFICATION, OR CONTRACT PERTAINING THERETO, PATENT INFRINGEMENT OR LATENT DEFENSES, AND THE ENVIRONMENTAL CONDITION OF THE PURCHASED ASSETS, INCLUDING WITHOUT LIMITATION, WHETHER THE PURCHASED ASSETS ARE CONTAMINATED WITH ANY HAZARDOUS SUBSTANCE REGULATED BY ANY FEDERAL, STATE, OR LOCAL STATUTE, LAW, TREATY, ORDINANCE OR REGULATION, INCLUDING THE FEDERAL COMPREHENSIVE ENVIRONMENTAL RESPONSE COMPENSATION AND LIABILITY ACT, AND THE RESOURCE RECOVERY AND CONSERVATION ACT, AS AMENDED.  PURCHASER REPRESENTS THAT IT HAS MADE ALL INSPECTIONS, TESTS, AND REVIEWS NECESSARY TO DETERMINE ITS SATISFACTION AS TO THE CONDITION OF THE PURCHASED ASSETS AND IMPROVEMENTS, THE VALUE OF THE PURCHASED ASSETS, AND ALL OTHER ASPECTS OF THE PURCHASED ASSETS THAT ARE IMPORTANT TO PURCHASER.**

Section 7.  Seller executes this Bill of Sale only in its capacity as Debtor-in-Possession of the Bankruptcy Estate of TS Printing Compnay, Inc. and, except as expressly set forth above, no warranties are given in this Bill of Sale.

Section 8.  THIS BILL OF SALE SHALL BE GOVERNED UNDER THE LAWS OF THE STATE OF TEXAS, UNITED STATES OF AMERICA, AND FOR ALL PURPOSES SHALL BE CONSTRUED EXCLUSIVELY IN ACCORDANCE WITH SUCH LAWS.

Section 9.  This instrument, the related Motion, and the Order entered in the Bankruptcy Case approving the Motion, contain the entire understanding of the parties relating to the matters referred to herein and may only be amended by written document duly executed on behalf of the respective parties.  In the event of any conflict between this instrument and the Order, the Order shall control.

IN WITNESS WHEREOF, the Seller has caused this Bill of Sale to be executed as of the date set forth above.

**TS PRINTING COMPNAY, INC., DEBTOR-IN-POSSESSION**


By: _____

Printed Name:_____

Title:_____

Dated: _____, 2008


THE STATE OF TEXAS     §
                                           §
COUNTY OF _____     §

This instrument was ACKNOWLEDGED before me on this _____ day of _____, 2008, by _____, in the capacity state above on behalf of TS Printing Compnay, Inc.


_____
Notary Public

_____      _____
Commission Expires                 Printed Name of Notary Public

Contents of this Bill of Sale Agreement
Approved and Agreed To:

**GRÁFICOS AL, S.A. DE C.V.**,
a sociedad anonima under the State of _____,
United States of Mexico,
as Purchaser

By: _____

Dated: _____, 2008

Printed Name:_____

Title:_____

## SCHEDULE 1
**Specified Printing Equipment**

Diddy Press                           Serial No. _____
Thompson Die Cutter                   Serial No. _____
Okiyama Press                         Serial No. _____
Heidelberg ST 90 Stitcher             Serial No. _____

## ASSET PURCHASE AGREEMENT AND BILL OF SALE

This ASSET PURCHASE AGREEMENT AND BILL OF SALE, is made, executed and delivered as of July ____, 2008, by TS Printing Compnay, Inc., a Texas corporation, acting as Debtor and Debtor-in-Possession of the bankruptcy estate of TS Printing Compnay, Inc. (the "Debtor" or "Seller") to **INTERNATIONAL BIBLE ASSOCIATION**, a Texas non-profit corporation (the "Purchaser").

### WITNESSETH:

WHEREAS, the Seller is the Debtor and Debtor-in-Possession in Case No. 08-32760-SGJ-11, *In re TS Printing Company, Inc.*, in the United States Bankruptcy Court for the Northern District of Texas, Dallas Division (the "Bankruptcy Case").

WHEREAS, the Seller filed on July 3, 2008 in the Bankruptcy Case its *Motion for Authority to Sell Property of the Estate (Miscellaneous Printing Equipment) Free and Clear of All Liens, Claims, and Encumbrances*, (the "Motion") and the Bankruptcy Court presiding over the Bankruptcy Case entered an order approving the Motion (the "Order") on or about July 7, 2008.

WHEREAS, the Seller is, simultaneously with the execution and delivery hereof, executing and delivering to the Purchaser this and other instruments to sell, transfer, convey, deliver, and assign to the Purchaser the Purchased Assets listed and described in Schedule 1 of this Agreement, which assets comprise a part of the bankruptcy estate of the Seller.

NOW, THEREFORE, in consideration of the premises and for good and valuable consideration paid to the Seller according to the terms of the Order approving the Motion, the Seller by this Bill of Sale does hereby sell, transfer, convey, deliver, and assign to the Purchaser, its successors and assigns, all of the Seller's right, title, and interest in and to all of the Purchased Assets which are owned or held by the Seller and are not otherwise expressly conveyed to the Purchaser pursuant to any other instrument of conveyance.

TO HAVE AND TO HOLD all of the foregoing Purchased Assets unto Purchaser, its successors and assigns, FOREVER, free and clear of all liens, claims, and encumbrances (including, without limitation, any right Seller may have to institute and prosecute any and all proceedings at law, in equity, or otherwise, which the Purchaser, its successors or assigns, may deem proper for the collection and enforcement of any claim or right of any kind (including any right to protect trade secrets or rights in intellectual property) hereby sold, transferred, conveyed, delivered, and assigned, or intended so to be).

Section 1.   Subject to Section 5, below, nothing in this instrument, express or implied, is intended or shall be construed to confer upon, or give to, any person other than the Purchaser and its successors and assigns, any remedy or claim under, or by reason of, this instrument or any terms, covenants, or condition hereof, and all the terms, covenants and conditions, promises and agreements contained in this instrument shall be for the sole and exclusive benefit of the Purchaser and its successors and assigns.

<u>Section 2.</u>  Pursuant to the terms of the Order, the Seller is not selling to Purchaser all assets of TS Printing Compnay, Inc. as a business, but is only selling the Purchased Assets.  Seller has not requested that Purchaser assume any liabilities of Debtor, and Purchaser does not hereby assume any liabilities of Debtor, except that the Purchaser shall immediately be responsible for all arrangements and payments necessary to move the Purchased Assets following the sale.

<u>Section 3.</u>  Seller warrants that it has not executed and delivered a bill of sale or other conveyance document conveying the Purchased Assets except as provided herein.  Subject to Section 5, Seller agrees to take such additional action, including execution of appropriate conveyances, as may be reasonably necessary to convey the Purchased Assets to the Purchaser as contemplated by this Bill of Sale.

<u>Section 4.</u>  Pursuant to the Order and in consideration of the foregoing conveyance, Purchaser will pay SIXTY THOUSAND AND NO/100 DOLLARS ($60,000.00), in cash or by certified check or wire transfer payable to the order of "TS Printing Compnay, Inc., Inc., Debtor-in-Possession" upon execution of this Bill of Sale; and, Purchaser shall bear all costs going forward, including but not limited to all cost associated with the storage and transportation of the Purchased Assets.

<u>Section 5.</u>  **THE PURCHASED ASSETS ARE BEING CONVEYED TO PURCHASER HEREUNDER "<u>AS IS/WHERE IS</u>," WITH ALL FAULTS.  EXCEPT AS EXPRESSLY PROVIDED HEREIN, PURCHASER ACKNOWLEDGES THAT SELLER HAS NOT MADE AND DOES NOT MAKE ANY REPRESENTATION OR WARRANTY REGARDING THE PURCHASED ASSETS.  SELLER DISCLAIMS ANY EXPRESS OR IMPLIED WARRANTY WITH RESPECT TO THE PURCHASED ASSETS, INCLUDING, WITHOUT LIMITATION, WITH RESPECT TO THE MERCHANTABILITY OF THE PURCHASED ASSETS OR THEIR FITNESS FOR ANY PARTICULAR PURPOSES, THE DESIGN OR CONDITION OF THE PURCHASED ASSETS, THE QUALITY OR CAPACITY OF THE PURCHASED ASSETS, WORKMANSHIP OR COMPLIANCE BY THE PURCHASED ASSETS WITH THE REQUIREMENTS OF ANY LAW, RULE, SPECIFICATION, OR CONTRACT PERTAINING THERETO, PATENT INFRINGEMENT OR LATENT DEFENSES, AND THE ENVIRONMENTAL CONDITION OF THE PURCHASED ASSETS, INCLUDING WITHOUT LIMITATION, WHETHER THE PURCHASED ASSETS ARE CONTAMINATED WITH ANY HAZARDOUS SUBSTANCE REGULATED BY ANY FEDERAL, STATE, OR LOCAL STATUTE, LAW, ORDINANCE OR REGULATION, INCLUDING THE FEDERAL COMPREHENSIVE ENVIRONMENTAL RESPONSE COMPENSATION AND LIABILITY ACT, AND THE RESOURCE RECOVERY AND CONSERVATION ACT, AS AMENDED.  PURCHASER REPRESENTS THAT IT HAS MADE ALL INSPECTIONS, TESTS, AND REVIEWS NECESSARY TO DETERMINE ITS SATISFACTION AS TO THE CONDITION OF THE PURCHASED ASSETS AND IMPROVEMENTS, THE VALUE OF THE PURCHASED ASSETS, AND ALL OTHER ASPECTS OF THE PURCHASED ASSETS THAT ARE IMPORTANT TO PURCHASER.**

Section 7.  Seller executes this Bill of Sale only in its capacity as Debtor-in-Possession of the Bankruptcy Estate of TS Printing Compnay, Inc. and, except as expressly set forth above, no warranties are given in this Bill of Sale.

Section 8.  THIS BILL OF SALE SHALL BE GOVERNED UNDER THE LAWS OF THE STATE OF TEXAS, UNITED STATES OF AMERICA, AND FOR ALL PURPOSES SHALL BE CONSTRUED EXCLUSIVELY IN ACCORDANCE WITH SUCH LAWS.

Section 9.  This instrument, the related Motion, and the Order entered in the Bankruptcy Case approving the Motion, contain the entire understanding of the parties relating to the matters referred to herein and may only be amended by written document duly executed on behalf of the respective parties.  In the event of any conflict between this instrument and the Order, the Order shall control.

IN WITNESS WHEREOF, the Seller has caused this Bill of Sale to be executed as of the date set forth above.

**TS PRINTING COMPNAY, INC., DEBTOR-IN-POSSESSION**


By: _____

Printed Name:_____

Title:_____

Dated: _____, 2008


THE STATE OF TEXAS        §
                          §
COUNTY OF _____      §

This instrument was ACKNOWLEDGED before me on this _____ day of _____, 2008, by _____, in the capacity state above on behalf of TS Printing Compnay, Inc.


_____
Notary Public

_____        _____
Commission Expires           Printed Name of Notary Public

Contents of this Bill of Sale Agreement
Approved and Agreed To:

**INTERNATIONAL BIBLE ASSOCIATION**,
a Texas non-profit corporation,
as Purchaser

By: _____

Dated: _____, 2008

Printed Name:_____

Title:_____

## SCHEDULE 1
**Specified Printing Equipment**

Web Press Miehle 35"(perfecting units and roll stands included)  Serial No. _____

45" Stahl Polar Cutter  Serial No. _____

**EXHIBIT C**

**IN THE UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| **IN RE** | § | |
| | § | **Case No. 08-32760-SGJ-11** |
| **TS PRINTING COMPANY, INC., et al.** | § | **Chapter 11** |
| | § | (Jointly Administered) |
| **Debtors.** | § | |
| | § | |
| | § | |

**ORDER GRQNTING DEBTOR'S EMERGENCY MOTION FOR AUTHORITY TO**
**SELL PROPERTY OF THE ESTATE (MISCELLANEOUS PRINTING EQUIPMENT)**
**FREE AND CLEAR OF ALL LIENS, CLAIMS AND ENCUMBRANCES**

On this date came on for consideration the *Debtor's Emergency Motion for Authority to Sell Property of the Estate (Miscellaneous Printing Equipment) Free and Clear of All Liens, Claims, and Encumbrances* (the "Motion") filed by TS Printing Compnay, Inc., the Debtor and Debtor-in-Possession herein (the "Debtor") seeking approval of the sale of certain miscellaneous printing equipment referenced and described in the Motion as the Printing Equipment. The Court finds that on July 3, 2008, the Debtor caused the Motion to be filed, and served on the parties listed in the certificate of service attached to the Motion, and that such notice is sufficient

**EXHIBIT C**

notice of the relief requested. The Court finds that no objections were filed in response to the

Motion in a timely manner. The Court finds that:

(i)    Gráficos Al, S.A. de C.V. ("Gráficos") has offered Fifty Nine Thousand Dollars ($59,000) cash consideration for its proposed acquisition of specified printing equipment referenced and described in the Motion as the Lot A Equipment and as further described in an *Asset Purchase Agreement and Bill of Sale* (the "Lot A APA") attached to the Motion as Exhibit A, free and clear of all liens, claims and encumbrances as provided therein;

(ii)    International Bible Association, ("IBA") has offered Fifty Nine Thousand Dollars ($59,000) cash consideration for its proposed acquisition of specified printing equipment referenced and described in the Motion as the Lot B Equipment and as further described in an *Asset Purchase Agreement and Bill of Sale* (the "Lot B APA") attached to the Motion as Exhibit B, free and clear of all liens, claims and encumbrances as provided therein;

(iii)    the consideration to be received each from Gráficos and IBA for the Printing Equipment constitutes a fair consideration for the Printing Equipment;

(iv)    the Debtor has received no higher and/or better offers for the Printing Equipment nor is likely to receive any such higher and/or better offers;

(v)    the sale of the Printing Equipment according to the terms and conditions set forth in the Lot A APA and the Lot B APA is a proper exercise of the Debtor's business judgment; and

(vi)    the ten-day stay of Bankruptcy Rule 6004(g) should be dissolved to permit a closing to occur as soon as practicable upon entry of this order.

IT IS THEREFORE ORDERED that:

1. The Motion is GRANTED.

2. Upon receipt of the $59,000.00 cash consideration the Debtor is authorized to deliver to Gráficos, or its designee, the executed Lot A APA, and such Lot A APA shall evidence the transfer of Lot A Equipment identified therein free and clear of all liens, claims, and encumbrances.

3. If Gráficos fails to close by 2:00 p.m., Central Daylight Time (Dallas time), on the seventh (7th) day following the entry by the Court of an order approving the sale, the Debtor may rescind the sale without further obligation to Gráficos or any other party,

**EXHIBIT C**

and/or, alternatively, the Debtor may conclude a transaction substantially according to the terms and conditions of the Lot A APA with any other party.

4.  Upon receipt of the $60,000.00 cash consideration the Debtor is authorized to deliver to IBA, or its designee, the executed Lot B APA, and such Lot B APA shall evidence the transfer of Lot B Equipment identified therein free and clear of all liens, claims, and encumbrances.

5.  If IBA fails to close by 2:00 p.m., Central Daylight Time (Dallas time), on the seventh (7th) day following the entry by the Court of an order approving the sale, the Debtor may rescind the sale without further obligation to IBA or any other party, and/or, alternatively, the Debtor may conclude a transaction substantially according to the terms and conditions of the Lot B APA with any other party.

6.  The ten-day stay of Bankruptcy Rule 6004(g) is dissolved to permit the Closing of the sale to occur immediately upon entry of this order.

### # # # END OF ORDER # # #

Submitted and prepared by:

Jeff Carruth
**THE CURTIS LAW FIRM, PC**
901 Main Street, Suite 6515
Dallas, Texas 75202
Telephone: 214.752.2222
Facsimile: 214.752.0709

PROPOSED LEAD COUNSEL FOR THE DEBTOR
AND DEBTOR-IN-POSSESSION